UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

In re:                                          Case No. 08-64350-wsd

    LIPSON, LANNY B.,                    Chapter 13

        Debtor.                           Hon. Walter Shapero

_____/

## OPINION SUSTAINING OBJECTION TO
## CHAPTER 13 PLAN CONFIRMATION

This matter is before the Court upon the Objection to Confirmation of Mortgage Electronic Registration Systems, Inc. ("Creditor"). (Docket No. 72). A hearing was held, briefs were submitted, and the confirmation was adjourned pending the Court's decision.

### I.

The parties appear to be in substantial agreement as to the material facts of this matter. On January 23, 2006, Debtor and Creditor entered into a loan agreement, repayment of which was secured by both (1) a second mortgage on Debtor's principal residence at 10074 Borgman Avenue, Huntington Woods, Michigan 48070 ("Michigan Property") and (2) a mortgage on real property located at 8173 Sanctuary Drive, Naples, Florida 34104 ("Florida Property"). Debtor later sold the Florida Property with Creditor's permission and entered into a loan modification agreement with Creditor on August 21, 2007, leaving only the Michigan Property to secure the balance on the loan (the loan balance having been reduced by application of the proceeds from the sale of the Florida Property and Creditor's lien on that property having apparently been discharged).

On October 6, 2008, Debtor filed for relief under Chapter 13 of the Bankruptcy Code. At the time of the filing, Creditor's only security interest was the second mortgage on the Michigan Property. In his amended Chapter 13 Plan, Debtor proposes to

"cramdown" Creditor's claim from $243,574.00 to $181,750.00, which is what he values Creditor's secured interest in the Michigan Property at. Debtor contends that 11 U.S.C. § 1322(b) permits this treatment because when the loan agreement was entered into, it was secured by interests in two parcels of real property, only one of which was Debtor's principal residence. Creditor disagrees, arguing that § 1322(b) prevents modification of the claim because at the time the Debtor filed his petition, the claim was secured exclusively by a security interest in real property that was the Debtor's principal residence.

## II.

Section 1322(b) provides, in pertinent part, that a Chapter 13 plan may "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence…" The issue here is whether the Creditor's secured status for § 1322(b) purposes should be looked at as of January 23, 2006 (when the original loan was entered into), or October 6, 2008 (when the bankruptcy case was filed).

There are a number of cases in support of Debtor's position that status should be determined at the time a loan transaction is entered into. *Scarborough v. Chase Manhattan Mortg. Corp. (In re Scarborough)*, 461 F.3d 406, 412 (3d Cir. 2006) ("[F]or purposes of § 1322(b)(2), the critical moment is when the creditor takes a security interest in the collateral."); *In re Smart*, 214 B.R. 63 (Bankr. D. Conn. 1997). The majority approach, however, appears to be that the status of the security interest should be determined as of the petition date. *See* 2 Keith M. Lundin, *Chapter 13 Bankruptcy*, § 121.2 (3d ed. 2000 & Supp. 2004) (collecting cases); *In re Lebrun*, 185 B.R. 665 (Bankr. D. Mass. 1995); *In re Larios*, 259 B.R. 675, 677 (Bankr. N.D. Ill. 2001); *In re Howard*, 220 B.R. 716, 719 (Bankr. S.D. Ga. 1998).

This Court finds the majority approach to be the more sound, primarily because of the statutory language. The anti-modification clause of § 1322(b) applies to "a *claim* secured only by a security interest in real property that *is* the debtor's principal residence." (Emphasis added). The present tense verb and the fact that a "claim" arises at the filing of the petition, lead to the conclusion that the appropriate point at which to

examine the status of the security interest is the petition date. *In re Wetherbee*, 164 B.R. 212, 215 (Bankr. D.N.H. 1994).

Not only does this Court agree with the rationale advanced in those cases favoring this result, but the facts in this case reinforce such a conclusion. Here, more than a year before the bankruptcy filing there was a bona fide sale of one of the two distinct and separate pieces of collateral and a release of the lien on the sold property accompanied by application of some if not all of the sale proceeds to reduce the loan balance. That balance was then secured solely by the remaining piece of collateral. The substance of what occurred is not much different than if the original loan, instead of being modified after the sale, was recast in the form of a novation with the newly reduced balance being the balance owed and the collateral being solely the remaining parcel. If the latter were the form the transaction took, there is little doubt as to the outcome. The difference between the two situations is not so great or meaningful as to warrant a different result.

## III.

Accordingly, as of the petition date, the claim of Creditor was secured solely by a security interest in real property that was the Debtor's principal residence and the claim is therefore protected from modification under § 1322(b).

Creditor shall submit an appropriate order sustaining its objection.

.

**Signed on June 18, 2009**

             **\_\_\_\_ \_\_/s/ Walter Shapero\_ \_\_\_**
             **Walter Shapero**
             **United States Bankruptcy Judge**